UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY TAYLOR                                    CIVIL ACTION

VERSUS                                         NO. 20-449

MARLIN GUSMAN                                  SECTION "R" (3)


## ORDER AND REASONS

Before the Court is Troy Taylor's motion for a hearing within five days.[1] Because the law does not a require an immediate hearing, and because the Court is reviewing the parties' briefing and the record to determine if a hearing is necessary, the Court denies Taylor's motion.

I.  BACKGROUND

In 2011, Troy Taylor was charged with forcible rape and second-degree kidnapping.[2] A jury convicted him of both crimes.[3] Through Taylor's direct appeal and post-conviction litigation, Louisiana courts quashed both convictions on statute of limitations grounds.[4] The state then charged him

---

1   R. Doc. 18.
2   R. Doc. 1-2.
3   *See* R. Doc. 1 at 7 ¶ 17.
4   *See id.* at 7-8 ¶¶ 18-23.

with aggravated rape and aggravated kidnapping charges, which are not subject to statutes of limitation.[5]

In 2020, Taylor filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[6] Taylor argues that he is subject to prosecutorial vindictiveness under *Blackledge v. Perry*, 417 U.S. 21 (1974), and that the state violated the Constitution's Double Jeopardy clause by charging him with aggravated rape and aggravated kidnapping after his earlier convictions were quashed.[7] The Court ordered the state to respond to Taylor's petition,[8] which it did on March 13, 2020.[9] Taylor filed a reply on March 16, 2020.[10] Taylor now seeks an immediate hearing on his habeas petition.[11]

## II. DISCUSSION

Taylor asserts that he is entitled to a hearing within five days of the government's response based on the plain language of the habeas statute. Taylor brings his habeas petition under 28 U.S.C. § 2241(c)(3), which extends the writ of habeas corpus to those "in custody in violation of the

---

[5]    *See* R. Doc. 1-6.
[6]    *See* R. Doc. 1.
[7]    *See generally id.*
[8]    R. Doc. 13.
[9]    R. Doc. 16.
[10]   R. Doc. 17.
[11]   R. Doc. 18.

Constitution or laws or treaties of the United States." Claims under 28 U.S.C. § 2241 were initially governed by only the procedures laid out in 28 U.S.C. § 2243, which governs issuance of the writ. This statute, enacted in 1948, sets aggressive timelines for the disposition or determination of habeas petitions. For example, it requires a response from the government within three days, or, if good cause is shown, at most twenty days. *See* 28 U.S.C. § 2243 ("[The writ] shall be returned within three days unless for good cause for additional time, not exceeding twenty days, is allowed."). The statute also states that "[w]hen the writ or order is returned a day shall be set for hearing, not more than five days after the return, unless good cause for additional time is allowed." *Id.*

But in 1976, the Supreme Court promulgated the Rules Governing Section 2254 Cases. Despite their title, these rules apply not only to Section 2254 cases, but they also state that "the district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]." District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241, such as Taylor's petition.

The Supreme Court promulgated these rules pursuant to 28 U.S.C. § 2072. That section provides that "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect," and that

3

nothing in Title 28 "shall in any way limit, supersede, or repeal any such rules heretofore prescribed by the Supreme Court." 28 U.S.C. § 2072(a), (b). Although the statute provides that the rules shall not "abridge, enlarge, or modify any substantive right," *id.* § 2072(b), the right to a hearing petitioner seeks involves a procedural, not a substantive, right. Therefore, the Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.

Numerous other courts have come to the same conclusion. *See, e.g.*, *Cluchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985) (holding that Rule 4 of the Rules Governing Section 2254 Procedures supersedes the strict scheduling requirements of 28 U.S.C. § 2243); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577-78 (N.D. Tex. 2001) (denying a motion for an expedited hearing under 28 U.S.C. § 2243 because Rule 8 of the Rules Governing Section 2254 Procedures supersedes the statute's requirements); *Romero v. Cole*, No. 16-148, 2016 WL 2893709, at *2 (W.D. La. 2018) ("[I]t is well settled that that the strict limit prescribed by § 2243 is subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases."); *Kramer v. Jenkins*, 108 F.R.D. 429, 431-32 (N.D. Ill. 1985) (applying the same reasoning and finding the Section 2254 Rules govern in any conflict between the Section 2254 Rules and 28 U.S.C. § 2243). One court bluntly acknowledged that "[o]beying the explicit directives of Section

4

2243 is not possible." *In re Habeas Corpus Cases*, 216 F.R.D. 52, 54 (E.D.N.Y. 2001). Moreover, the cases petitioner points to predate the promulgation of the Rules Governing Section 2254 Cases and stand only for the unremarkable proposition that district courts should give habeas corpus petitions prompt attention. *See Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965) (holding that because courts should prioritize habeas corpus claims, a court need not speculate on whether such a claim will be amended); *Wallace v. Heinez*, 351 F.2d 39, 40 (9th Cir. 1965) (holding that, although the statute is directed toward quick resolution of a petition, a district court has the "inherent power" to extend deadlines).

Contrary to 28 U.S.C. § 2243, the Rules Governing Section 2254 Cases do not require a hearing to resolve every petition for habeas corpus. Rather, they state that "[i]f a petition is not dismissed, the judge must review the answer, any transcripts and records of state court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule Governing Section 2254 Cases 8(a). Here, the Court is in the process of reviewing the parties' briefing, as well as the voluminous record, to determine whether the petition should be dismissed or whether an evidentiary hearing is necessary. If a hearing is necessary, it will order one "as soon as is practicable." Rule Governing Section 2254 Cases

5

8(c). The Court will proceed with this matter in due course, keeping in mind that "review of claims of illegal state detention must be swift." *In re Habeas Corpus Cases*, 216 F.R.D. at 55.

Finally, petitioner argues that the threat of COVID-19 and its impact on Orleans Parish Prison further militate in favor of an immediate hearing. Although the Court recognizes that COVID-19 can pose particular problems for prison populations, this Section 2241 petition alleging constitutional deficiencies in petitioner's detention is not the vehicle to seek release because of the COVID-19 pandemic.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion for a hearing within five days. Because the Court resolved petitioner's motion without the need to resolve the motion to strike, the government's motion to strike is also DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __13th__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE