UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY TAYLOR — CIVIL ACTION

VERSUS — NO. 20-449

MARLIN GUSMAN — SECTION "R" (3)

**ORDER AND REASONS**

The State moves to stay this Court's Order and Judgment[1] in this matter pending appeal.[2] The Court grants the motion.

Federal Rule of Appellate Procedure 23(c) states that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must—unless the court rendering the decision . . . orders otherwise—be released on personal recognizance, with or without surety." This rule creates a presumption that the petitioner should be released. *See Hilton v. Braunskill*, 481 U.S. 770, 772-74 (1987). This presumption may be rebutted. When considering whether the State has overcome the presumption, courts consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

---

1 R. Doc. 32; R. Doc. 33.
2 R. Doc. 35.

> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Id.* at 776. The Supreme Court continued to note that where the State can "demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Id.* at 778. *Hilton* also added that in reviewing these factors, courts should consider the possibility that the petitioner is a flight risk, the potential danger to the public if the petitioner is released, and the State's "interest in continuing custody and rehabilitation pending a final determination of the case on appeal." *Id.* at 777.

As to the first factor, to demonstrate a "substantial case on the merits" the State is not required to show that "it is more likely than not that [it] will win on the merits." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011)). Although the Court rejected the arguments the State represents it will make on appeal, the Court also noted that the doctrine of vindictive prosecution is

"infrequently applied."[3] The State's motion demonstrates its plans to vigorously contest this matter on appeal. The Court therefore does not find that the State fails to demonstrate a "substantial case." *Woodfox v. Cain*, 305 F. App'x 179, 189 (5th Cir. 2008).

The third factor—whether the issuance of a stay will substantially injure the other parties interested in the proceeding—weighs in Taylor's favor, as he is injured by remaining imprisoned. *See, e.g., Newman v. Metrish*, 300 F. App'x 342, 344 (6th Cir. 2008) (noting that a successful habeas petitioner suffers "a continuing injury while incarcerated"). Indeed, this is true for virtually every habeas petitioner. *See Woodfox*, 305 F. App'x at 181. But Taylor's interest in being released is heavily outweighed by the second and fourth factors. *See Hilton*, 481 U.S. at 778 (holding that if the State makes a substantial case on the merits, continued custody is permissible if the second and fourth factors "militate against release").

With respect to the second factor, the State stands to be irreparably injured if a stay is not granted. The State represents that "[t]here is no guarantee that the State would be able to successfully re-arrest Taylor in the

---

3 R. Doc. 32 at 28.

event of a successful appeal."[4] The Court accepts this representation, and therefore finds that the second factor weighs in favor of the State.

In considering the public interest, the Court takes into account that Taylor was indicted with aggravated rape and aggravated kidnapping, both serious crimes. Moreover, this Court's issuance of the writ was not based on Taylor's actual innocence, but rather grounded in the doctrine of prosecutorial vindictiveness. Indeed, Taylor was previously convicted of second-degree rape and second-degree kidnapping, charges that were overturned on grounds other than actual innocence or insufficiency of the evidence. *See Wanatee v. Ault*, 120 F. Supp. 2d 784, 789 (N.D. Iowa 2000) (finding the public interest in granting a stay was greater when the grounds for grant habeas involved a constitutional defect rather than actual innocence). The Court therefore finds that there is a public interest in Taylor remaining imprisoned until the appeal is resolved.

For the foregoing reasons, the Court GRANTS the State's motion for a stay. The State's motion for expedited consideration is DISMISSED AS MOOT.

---

4 R. Doc. 35-1 at 3.

New Orleans, Louisiana, this 31st day of July, 2020.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE