UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY TAYLOR | CIVIL ACTION |
| VERSUS | NO. 20-449 |
| MARLIN GUSMAN | SECTION "R" (3) |

**ORDER AND REASONS**

Before the Court is Troy Taylor's motion to reconsider the stay of his habeas petition.[1] A court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly. *See Fields v. Pool Offshore*, 1988 WL 43217, *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). Because Taylor has not met the Federal Rule of Civil Procedure 59(e) standard warranting post-judgment reconsideration, the Court DENIES the motion.

**I.  BACKGROUND**

On Thursday, July 30, 2020, this Court granted Taylor's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2] That same day, the

---

[1]  R. Doc. 51.
[2]  *See* R. Doc. 32; R. Doc. 33.

Warden filed a notice of appeal[3] and moved to stay the writ.[4] On Friday, July 31, 2020, this Court granted the Warden's motion to stay the judgment pursuant to *Hilton v. Braunskill*, 481 U.S. 770 (1987).[5]

Unbeknownst to the Court, the State released Taylor from custody between the time the Court granted the writ on July 30, 2020, and when it granted the stay on July 31, 2020.[6] Taylor self-surrendered back to the State on Monday, August 3, 2020.[7] Taylor now moves for reconsideration of the stay order.[8]

## II.   LEGAL STANDARD

To succeed on a Rule 59(e) motion, a petitioner must satisfy at least one of the following criteria: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Nguyen v. St. Paul Travelers Ins.*, No. 06-4130, 2007 WL

---

[3]   *See* R. Doc. 34.
[4]   *See* R. Doc. 35.
[5]   *See* R. Doc. 39.
[6]   *See* R. Doc. 51-2 at 1.
[7]   *See* R. Doc. 52 at 1.
[8]   R. Doc. 51.

2

1672504, at *2 (E.D. La. June 6, 2007). "Courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

### III. DISCUSSION

Taylor's motion largely rehashes arguments that he already made, or that he could have made, before this Court issued the *Hilton* stay. Accordingly, the Court denies the motion to reconsider on those grounds. *See Banister*, 140 S. Ct. at 1703.

Taylor also submits evidence purporting to show that he is not a flight risk.[9] Again, the Court already considered the flight-risk issue when it granted the *Hilton* stay,[10] and much of the evidence petitioner now relies on could have been submitted in his initial opposition to the stay.[11] The Court will not consider evidence that could have been offered before the decision issued. *See Banister*, 140 S. Ct. at 1703.

To the extent that Taylor relies on his self-surrender after the Court issued the stay, the Court does not find his argument persuasive. The stay order reasoned in part that Taylor could be a flight risk, and only after the

---

[9] *See, e.g.*, R. Doc. 51-5.
[10] *See* R. Doc. 39 at 3-4.
[11] *See, e.g.*, R. Doc. 51-5.

3

Court issued that order, did Taylor self-surrender when he was temporarily released. The fact remains that unless and until the State's appeal is resolved in Taylor's favor, Taylor remains at risk on two charges that carry life sentences, which can provide an incentive to flee. *Cf. Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011) (writing that the severity of the offense must be considered in determining flight risk in the immigration context). Furthermore, regardless of the flight-risk issue, the Court finds the *Hilton* factors still weigh in favor of a stay.

Taylor also argues that the stay is moot in light of his release.[12] He cites no controlling precedent in support of this proposition. Absent support from controlling authority, the Court finds this argument to be without merit.

Finally, Taylor argues that he was uniquely injured by his momentary release and subsequent detention.[13] The Court does not find that this argument alters the balance of the factors under *Hilton*.

---

[12]   R. Doc. 51-3 at 3.
[13]   *Id.* at 9.

## IV. CONCLUSION

Accordingly, the Court DENIES the motion, and the motion to expedite is MOOT.

New Orleans, Louisiana, this __6th__ day of August, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE